#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREEN PATH TECH, LLC f/k/a Trucking Tower LLC, an Oklahoma Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | NO. CIV-25-0550-HE |
| CYBERFUELS, INC., a Florida Corporation, | ) ) ) ) | |
| Defendant. | ) | |

### **ORDER**

Defendant is a supplier of fuel additive products and blended-fuel products. For over two years, plaintiff procured commercial and industrial fleet customers who purchased defendant's products for which plaintiff earned compensation. Upon defendant's termination of the parties' Sales Agent Agreement (Agreement), plaintiff initiated this action in the District Court of Cleveland County, State of Oklahoma, seeking monetary, declaratory and injunctive relief. According to plaintiff, defendant breached and wrongfully terminated the Agreement, wrongfully demanded certain sums from plaintiff, tortiously interfered with plaintiff's actual and prospective business, made fraudulent misrepresentations to induce plaintiff to enter into the Agreement, made false and misleading advertising claims and willfully breached certain confidential duties owed to plaintiff and its customers. Based on the existence of diversity jurisdiction under 28 U.S.C. § 1332(a), defendant removed the action to this court.

Defendant has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, to transfer the action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). It relies upon a forum selection clause contained in the Agreement which, according to defendant, mandates all controversies or disputes arising under the Agreement be resolved in "the state or federal courts of Palm Beach County, Florida."[1] Plaintiff objects to the motion, arguing the clause is permissive and the factors under § 1404(a) do not warrant transfer.

Initially, the court concludes that dismissal under Rule 12(b)(3) is not appropriate. In <u>Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas</u>, 571 U.S. 49, 52 (2013), the Supreme Court determined that a forum selection clause may not be enforced under Rule 12(b)(3). That rule allows dismissal only when venue is "wrong" or "improper" under the federal venue laws. *Id*. at 55. Here, based on the record, the court concludes that venue is proper pursuant to 28 U.S.C. § 1441(a). *See* <u>Polizzi v. Cowles Magazines, Inc.</u>, 345 U.S. 663, 665 (1953) (venue of removed actions is governed by § 1441(a); 28 U.S.C. § 1441(a) (proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 116 (The Western District of Oklahoma includes "Cleveland County"). The court therefore turns to whether the clause may be enforced through the alternative motion to transfer under § 1404(a).

The forum selection clause at issue states:

---

[1] *The Southern District of Florida includes Palm Beach County. See 28 U.S.C. § 89(c).*

2

> Governing Law; Jurisdiction. This Agreement, the transactions covered hereby, and all purchase orders submitted pursuant hereto shall be governed by and construed in accordance with the laws of Florida without application to any of its principles on conflicts of laws, and *jurisdiction for all controversies or disputes arising hereunder shall be located in the state or federal courts located in Palm Beach County, Florida.*

Doc. #12-1, ¶ 24 (emphasis added).

As a threshold matter, the court must determine whether the forum selection clause is mandatory and enforceable. In determining whether the forum selection clause is mandatory or permissive, the court applies Florida law as agreed to by the parties. *See* Yavuz v. 61 MM, Ltd., 465 F.3d 418, 430 (10th Cir. 2006). Under Florida law, "[m]andatory forum selection clauses 'require or unequivocally specify . . . that a particular forum be the exclusive jurisdiction for litigation concerning the contract.'" . . . "Whereas, permissive forum selection clauses 'constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum.'" Rudman v. Numismatic Guaranty Corporation of America, 298 So.3d 1212, 1214 (Fla. 3d DCA 2020) (quoting Regal Kitchens, Inc. v. O'Connor & Taylor Condominium Const., Inc., 894 So.2d 288, 290-291 (Fla. 3d DCA 2005)).

Upon review, the court concludes that the clause is mandatory and requires any disputes arising under the Agreement to be litigated in state or federal courts in Palm Beach County, Florida. *See* Buck v. Global Fidelity Bank Ltd., 341 So.3d 430, 433-34 (Fla.3d DCA 2022) (forum selection clause that stated "the courts of the Cayman Islands shall have jurisdiction in relation to any dispute or claim arising out of or in connection with this

3

Agreement or its subject matter" was mandatory; finding the use of the word "jurisdiction" instead of "venue" or "forum" did not alter parties' intent, as expressed in the Agreement, that any dispute or claim must be litigated in the courts of the Cayman Islands); Gold Crown Resort Marketing Inc. v. Phillpotts, 272 So.3d 789, 792-793 (Fla. 5th DCA 2019) ("[T]he test is whether, when read as a whole, the forum selection clause indicates that the parties intended to try a case in the specified forum and to the exclusion of others." . . . "A forum selection clause is mandatory if it uses words such as 'must,' 'exclusive,' or 'shall.'") (quotation marks and citations omitted).

Although interpretation of a forum selection clause is governed by the law that governs the contract, the enforceability of a forum selection clause is determined by federal law. See Herr Indus., Inc. v. CTI Systems, SA, 112 F.Supp.3d 1174, 1178 (D. Kan. 2015) (majority of circuit courts consider enforceability of forum selection clauses under federal law in diversity cases). Mandatory forum selection clauses are "prima facie valid" and "a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). Here, plaintiff has not demonstrated that the clause is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances. While litigating in Florida may be inconvenient to plaintiff, only "a showing of inconvenience so serious to foreclose a remedy, coupled with a showing of bad faith, overreaching or lack of notice, would be sufficient to defect a contractual forum selection clause." Riley, 969

4

F.2d at 958 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594-595 (1991)). No such showing has been made.

A mandatory forum-selection clause may be enforced through a motion to transfer under § 1404(a). Atlantic Marine Const. Co., Inc., 571 U.S. at 59. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Id. at 62. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." Id. at 63 (quotation marks and citation omitted). At the outset, "the plaintiff's choice of forum merits no weight." Id. As the party defying the clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Id. In addition, the court, in evaluating the § 1404(a) motion, does not "consider arguments about the parties' private interests." Id. at 64. The parties have waived their right to challenge the preselected forum as inconvenient or less convenient for them or their witnesses. Id. In other words, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. As a result, the court is left to "consider arguments about public-interest factors only." Id. Such factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 62, n. 6. As the party acting in violation of the forum-selection clause, plaintiff bears the burden of showing that public-interest factors "overwhelmingly" disfavor a transfer. Id. at 67.

5

Here, plaintiff has not demonstrated that a transfer to the Southern District of Florida is unwarranted or that the stated public-interest factors overwhelmingly disfavor a transfer. Thus, the court concludes that the case should be transferred pursuant to § 1404(a).

Accordingly, Defendant Cyberfuels, Inc.'s motion to dismiss [Doc. #5] is **DENIED** but the alternative motion to transfer [Doc. #5] is **GRANTED**.  This case is transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE